**SUPREME COURT OF NEW JERSEY**
D-102 September Term 2022
**088489**

| | |
|---|---|
| **In the Matter of** | : |
| **Joseph Rakofsky** | : |
| | :    **O R D E R** |
| **An Attorney at Law** | : |
| **(Attorney No.  034462009)** | : |

    The Disciplinary Review Board having filed with the Court its decision in DRB 23-040, recommending that **Joseph Rakofsky** of **Newark**, who was admitted to the bar of this State in 2010, should be suspended for one year for having violated RPC 1.6(a) (failing to maintain confidential client information), RPC 1.16(d) (failing to protect a client's interests upon termination of representation), RPC 3.1 (engaging in frivolous litigation) (three instances), RPC 3.2 (failing to treat all persons involved with the litigation process with courtesy and consideration), RPC 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation) (three instances), and RPC 8.4(d) (engaging in conduct prejudicial to the administration of justice) (four instances);

    And the Disciplinary Review Board having further recommended that as conditions precedent to reinstatement, respondent must (1) demonstrate

1

respondent's fitness to practice law, as attested to by a medical doctor approved by the Office of Attorney Ethics, and (2) complete a continuing education course in legal ethics and professionalism approved by the Office of Attorney Ethics;

And **Joseph Rakofsky** having been ordered to show cause why respondent should not be disbarred or otherwise disciplined;

And good cause appearing;

It is ORDERED that **Joseph Rakofsky** is suspended from the practice of law for a period of one year, and until further order of the Court, effective June 2, 2024; and it is further

ORDERED that respondent shall demonstrate respondent's fitness to practice law, as attested to by a medical doctor approved by the Office of Attorney Ethics, and complete a continuing education course in legal ethics and professionalism approved by the Office of Attorney Ethics, as preconditions of reinstatement; and it is further

ORDERED that respondent comply with Rule 1:20-20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to Rule 1:20-20(c), respondent's failure to comply with the Affidavit of Compliance requirement of Rule 1:20-20(b)(15) may (1) preclude the Disciplinary Review Board from considering

2

respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of RPC 8.1(b) and RPC 8.4(d); and (3) provide a basis for an action for contempt pursuant to Rule 1:10-2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in Rule 1:20-17.

WITNESS, the Honorable Stuart Rabner, Chief Justice, at Trenton, this 2nd day of May, 2024.

*Heather J Baker*

**CLERK OF THE SUPREME COURT**